*PARQUIN & AL.* vs. *FINCH.*

APPEAL from the court of the seventh district.

MATTHEWS,[*] J. delivered the opinion of the court. This action was instituted by the heirs of Mrs. Finch, against the defendant her

A clause in a marriage contract by which the whole o the acquests & gains is to go to the survivor, in case there are no children, is not illegal.

An exception may be taken to the opinion of the judge, on a

---

[*]Porter, J. did not join in this opinion, having been of counsel in the cause.

West'n District
*Aug.* 1823.

PARQUIN
*vs.*
FINCH.

question of law growing out of the merits, if given, on sending the cause before referees.

last husband, to recover the amount of her estate remaining in his possession, at, and after her death. There is a marriage contract executed between Finch and his late wife, in which, amongst other things, it is stipulated and agreed if they should have no children, that, then, in such case, the survivor should have and hold in full property, the whole amount of acquests and gains, which might belong to the community at the death of either party. The defendant claims the benefit of this clause of the contract as survivor, without children having been produced by the marriage. There were long and intricate accounts to be settled between the parties, which were referred by the district court for liquidation: but previous to, or on the order of reference, the judge expressed an opinion that the above stipulation in the marriage contract was illegal and void. In conformity with this opinion, the referees adjusted and settled the accounts of the parties, and made their return accordingly; on which final judgment was rendered, from which the defendant appealed.

The case comes up without statement of facts, special verdict, or any thing which shews (as required by law) that the whole evi-

dence is before us, on which the cause was de-
cided: and on this ground the counsel for the
appellee moves to dismiss the appeal; which,
if nothing more appeared on the record, ought
perhaps, to be done. But we find a bill of ex-
ceptions to the opinion of the judge *a quo*,
by which he declared null and void the stipu-
lation in the marriage contract, above cited.
This, the plaintiff insists, is an exception to a
final judgment, which the court has repeatedly
decided, cannot be taken with effect. It is
clear in the present case, that no final judg-
ment was rendered until the return of the re-
ferees, whose business it was to examine the
facts of the case, under instructions of the
judge, in relation to points of law. Any opin-
ion given on such points, before final judgment
we think, a fair and legitimate subject for a
bill of exceptions, that may be regularly taken
at any time, during the trial of the cause. In
this case it is clearly shewn by the bill itself
that the exception was taken during the trial.
We are of opinion that the district court erred
in declaring void that part of the marriage con-
tract which grants to the husband the whole of
the community on the contingencies of having
no children by the marriage and surviving his
wife.

West'n District
*Aug.* 1823.

PABQUIN
*vs.*
FINCH.

It is therefore, ordered, adjudged and de-creed, that, the judgment of the district court, be avoided, annulled and reversed; and that the case be remanded for a new trial, with instructions to the judge *a quo*, to consider as legal and valid that part of the marriage con-tract, above referred to, containing the provi-sion in favor of the appellant as surviving part-ner of the community of acquests and gains; and that the appellees pay costs.

*Brownson* for plaintiff, *Baker* for defen-dant.